# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARIA DE LA CRUZ MAGOWAN,<br>Appellant, | DOCKET NUMBER<br>DC-1221-15-0671-W-1 |
| v. | |
| ENVIRONMENTAL PROTECTION<br>AGENCY,<br>Agency. | DATE: June 7, 2016 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Maria de la Cruz MaGowan, Bethesda, Maryland, pro se.

Alexandra Meighan, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1　The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before the Office of Special Counsel (OSC) and makes nonfrivolous allegations that:  (1) she engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action.  *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  The administrative judge dismissed this IRA appeal for lack of jurisdiction without holding a hearing, finding on the written record that "the appellant failed to raise a nonfrivolous allegation that she exhausted her administrative remedies before OSC."  Initial Appeal File (IAF), Tab 13, Initial Decision (ID) at 7.

¶3    In her timely filed petition for review, the appellant asserts that the disclosures involved in this IRA appeal are the same April 2003 disclosures reported in her prior IRA appeal, *MaGowan v. Environmental Protection Agency*, MSPB Docket No. DC-1221-11-0737-B-2, Appeal File (B-2 AF), which the Board remanded to the regional office and was pending before a different administrative judge when the appellant filed this IRA appeal,[2] Petition for Review (PFR) File, Tab 1 at 1-2.  With her petition for review, the appellant includes OSC's February 9, 2015 letter explaining its preliminary decision to close its investigation of her allegations, her email correspondence with OSC both before and after that date, and a copy of her OSC complaint, dated December 21,

---

[2] The administrative judge assigned to the appellant's prior IRA appeal subsequently denied that request for corrective action, *MaGowan v. Environmental Protection Agency*, MSPB Docket No. DC-1221-11-0737-B-2, Initial Decision (B-2 ID) (Nov. 13, 2015), and the Board denied the appellant's subsequent petition for review, *MaGowan v. Environmental Protection Agency*, MSPB Docket No. DC-1221-11-0737-B-2, Final Order (May 9, 2016).

2014. *Id.* at 7-29. The agency responds in opposition to the appellant's petition for review. PFR File, Tab 3.

<u>The appellant established that she exhausted her administrative remedies before OSC.</u>

¶4 As noted above, to establish jurisdiction over an IRA appeal, an appellant must, among other things, establish OSC exhaustion. *Yunus*, 242 F.3d at 1371; *see Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 9 (2011) (explaining that the appellant must prove exhaustion with OSC, not merely present nonfrivolous allegations of exhaustion); *Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 12 (2002).[3] For the reasons set forth below, we find that the appellant has established jurisdiction over this IRA appeal.

¶5 In the addendum to her response on the jurisdictional issue, the appellant submitted a copy of her OSC complaint in which she indicated that she made her disclosure in April 2003 and that her supervisor had "created a hostile environment against [her] starting around May 2010." IAF, Tab 6 at 12, 15. In her narrative response on the jurisdictional issue, the appellant asserted that she first told her immediate supervisor about irregularities regarding fraud, waste, and abuse in the Office of Underground Storage Tanks, and, after being harassed in response, she then made her April 2003 disclosure to the agency's Office of Inspector General (OIG). IAF, Tab 5 at 4-5. She provided a long list of actions that she claimed the agency took in retaliation for her protected disclosure, but she conceded that this IRA appeal was related solely to her allegations of harassment by her supervisor and the agency's failure to remove her from an allegedly violent work environment following a November 2014 incident in which

---

[3] Although the administrative judge initially gave the appellant correct notice of the elements and burdens of establishing jurisdiction over her IRA appeal, he articulated the wrong standard for OSC exhaustion in the initial decision, finding that the appellant "failed to raise a nonfrivolous allegation that she exhausted her administrative remedies before OSC." ID at 7; IAF, Tab 3 at 2.

she claimed that her supervisor violently confronted her.[4]  *Id.* at 6-7.  Thus, the record reflects that the appellant exhausted her administrative remedies before OSC regarding her April 2003 disclosure.  *Id.* at 15.

The appellant nonfrivolously alleged that she made a protected disclosure that was a contributing factor in a personnel action.

¶6    The administrative judge in one of the appellant's prior IRA appeals found it undisputed that the appellant's April/May 2003 contact with the agency's OIG was protected whistleblower activity.  *MaGowan v. Environmental Protection Agency*, MSPB Docket No. DC-1221-11-0737-B-2, Initial Decision  at 11-13 (Nov. 13, 2015).[5]  The appellant alleged in her December 2014 OSC complaint that, ever since May 2010, when her supervisor learned about the protected

---

[4] Several of the personnel actions the appellant raises here, the change of her sick leave to absence without leave (AWOL), the agency's failure to promote her to the GS-15 level, and the change of her title from Lead Program Analyst to Program Analyst, are implicated in one of the appellant's prior IRA appeals, in which the Board has issued its final decision.  *See MaGowan v. Environmental Protection Agency*, MSPB Docket No. DC-1221-11-0737-B-2, Final Order (May 9, 2016); *see also* 5 C.F.R. § 1201.113.  At an earlier stage of that IRA appeal, the administrative judge found that the appellant's election to file a grievance regarding the agency's failure to promote her to GS-15 precluded her from pursuing that claim in an IRA appeal before the Board and that the Board lacked jurisdiction over the agency's action changing her title because the appellant had agreed to the reassignment as part of the agreement settling yet another prior IRA appeal, leaving the change of her sick leave to AWOL the only outstanding issue in that IRA appeal.  *See MaGowan v. Environmental Protection Agency*, 119 M.S.P.R. 9, ¶ 3 (2012).  The appellant did not challenge those findings on review. *Id.*  On remand, the administrative judge correctly determined that the agency would have changed the appellant's sick leave to AWOL in the absence of her protected whistleblowing activity.  B-2 ID at 15-22.  Although the appellant argued in that IRA appeal that the agency had wrongfully denied her request for annual leave on those days, her request for sick leave is the only part of that episode implicated in that appeal, and any challenge regarding the choice to deny her annual leave is instead more pertinent to the hostile work environment allegations she makes herein and should therefore be considered by the administrative judge in this case on remand.  *E.g.*, *Whitmore v. Department of Labor*, 680 F.3d 1353, 1375 (Fed. Cir. 2012).

[5] In remanding the appellant's prior IRA appeal, the Board found the appellant nonfrivolously alleged that she disclosed both a violation of law and a gross waste of funds, satisfying that element of the jurisdictional test.  *MaGowan*, 119 M.S.P.R. 9, ¶ 7.

disclosure,[6] the supervisor has created a hostile work environment against her through yelling, stating epithets, and bullying, including throwing a telephone at her. IAF, Tab 6 at 12. She further alleged in that OSC complaint that other agency officials have been aware of the harassment for years and have chosen to do nothing about it. *Id.* In that regard, she contended in her appeal below that, contrary to the agency's assertion, it did not remove her from that work environment following the latest incident of such behavior on November 21, 2014. IAF, Tab 5 at 7. The Board recently explained that the creation of a hostile work environment is a personnel action under the WPA. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 23 (2015).

¶7          In remanding the appellant's prior IRA appeal, we credited her allegations that her supervisor had asked about both her 2003 protected disclosure and that the appellant provided her a copy of the OIG's report regarding her allegations, just 6 months before taking the 2010 personnel action at issue in that IRA appeal. *MaGowan*, 119 M.S.P.R. 9, ¶ 10. Thus, even though the disclosures themselves predated the personnel action at issue by many years, we found that the May 2010 inquiry initiated by the appellant's supervisor into those disclosures raised a material issue about the agency's reasons for the personnel action, and constituted a nonfrivolous allegation that her 2003 disclosure to the OIG was a contributing factor to that 2010 personnel action. *Id.*, ¶ 10; *see, e.g.*, *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012) (explaining that any weight given to a whistleblowing disclosure, either alone or in combination with other factors, can satisfy the contributing factor standard) (citing *Marano v. Department of Justice*, 2 F.3d 1137, 1140 (Fed. Cir. 1993)). Given the appellant's assertions before OSC and the Board in this IRA appeal that the alleged hostile work environment

---

[6] The Board found that the appellant's supervisor learned about the appellant's April 2003 disclosure in May 2010 when she "demanded the details of the disclosure and requested that the appellant provide her with a copy of the OIG report." *MaGowan*, 119 M.S.P.R. 9, ¶ 10.

continued unabated from when her supervisor inquired about her protected disclosures in May 2010 until when the appellant filed the OSC complaint at issue in November 2014, *e.g.*, IAF, Tab 6 at 12, Tab 5 at 6-7, we similarly find that the appellant has nonfrivolously alleged that her protected disclosure was a contributing factor in the creation of the hostile work environment she alleges.

¶8          Consequently, we find that the appellant established OSC exhaustion regarding her April 2003 protected disclosure and that she made nonfrivolous allegations sufficient to entitle her to a hearing on the merits of her claim that the agency subjected her to a hostile work environment in reprisal for that April 2003 protected disclosure.  To prove her claim on the merits, the appellant must show by preponderant evidence that her alleged disclosure was a contributing factor in the agency's personnel action.  *E.g.*, *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 17 (2013).  If the appellant proves her claim on the merits, the agency then may attempt to establish by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure.  *Id.*

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.